UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MAYTEE ZAGODA, )
    Plaintiff(s), )
     )    Case No. 1:19-cv-03479
vs. )    Magistrate Judge Iain D. Johnston
JTM CAPITAL MANAGMENT, LLC, )
    Defendant(s). )

### PARTIES' PROPOSED CASE MANAGEMENT ORDER
*This pdf fillable form must be used as is, and not be retyped.*

I. **The parties held a Fed. R. of Civ. P. 26(f) meeting** on July 29, 2019, attended by: Nathan C. Volheim for Plaintiff(s), and Brendan H. Little for Defendant(s).

II. **Fed. R. Civ. P. 26(a)(1) Disclosures** will be exchanged by August 12, 2019. The Court requires full and proper Rule 26(a)(1) disclosures by all parties.

III. **Alternative Dispute Resolution Mediation.** Counsel certify under 28 U.S.C. § 1746 that their clients have read the Pamphlet governing the court's mediation program, that counsel explained the dispute resolution options available from the Court and private entities, and that counsel considered how this case might benefit from those options. Further, counsel certify that they gave their clients an estimate of fees and costs to litigate this matter through trial, as well as an estimate of the fees and costs of an early successful mediation. Lastly, if this is a fee shifting case, defense counsel certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment. Failure to comply with these requirements will result in sanctions. *See* Fed. R. Civ. P. 16(c), (f).

- ⦿ The parties anticipate seeking a settlement conference with the Magistrate Judge: ○immediately ⦿after initial disclosures ○after fact discovery ○after expert discovery. The parties have reviewed this Court's standing order on settlement conferences.

- ○ The parties agree to private ADR. The mediator/arbitrator is _____ and the mediation/arbitration is scheduled for _____.

- ○ The parties request this case be excused from ADR.

IV. **Discovery Plan.** The parties jointly propose the following discovery plan:

Discovery will be needed on the following subjects. (Do not just write "the claims and defenses in this case," or words to that effect. That is unhelpful.)

Plaintiff asserts discovery will be needed regarding the communications and correspondences between the parties; Defendant's policies and procedures with regards to collection activity; Communications and documents between Defendant and the original creditor(s) it was working on behalf of.
It is Defendant's position that it is not a debt collector as defined by the Fair Debt Collection Practices Act because it does not take any steps to collect on debt and out sources all collection efforts to third party debt collectors. Defendant will seek discovery concerning Plaintiff's factual basis that it is a debt collector.

A) Maximum of __25__ interrogatories by each party to any other party.

B) Maximum of __25__ requests for admission by each party to any other party.

C) Maximum of __2__ depositions by Plaintiff(s) and __2__ by Defendant(s).

D) Each deposition is limited to __7__ hours unless extended by agreement of the parties, except that depositions of _____ are limited to ___ hours.

E) The deadline for amended pleadings, new counts or parties, and third-party complaints is __August 14, 2019__ (no *later* than 30 days before the close of fact discovery).

F) Fed. R. Civ. P. 26(a)(2)(C) disclosures are due by __November 14, 2019__ (no *later* than 30 days before the close of fact discovery). Absent unusual circumstances, the Court considers treating physicians to be Rule 26(a)(2)(C) witnesses if opinion testimony will be elicited.

G) Rule 26(e) supplements will be made in a timely manner, but no later than __December 14, 2020__ (no *later* than 30 days before the close of fact discovery).

H) Fact discovery ends __January 14, 2020__.

I) The parties anticipate retained experts on the following subjects:

The parties do not anticipate expert discovery at this time.

Report from the Plaintiff's expert retained under Rule 26(a)(2)(B) is due by __November 14, 2019__.
Deposition of the Plaintiff's expert shall be taken by __January 14, 2020__.
Report from the Defendant's expert retained under Rule 26(a)(2)(B) is due by __November 21, 2019__.
Deposition of the Defendant's expert shall be taken by __January 14, 2020__.
(The parties must give serious thought to whether for this case (1) retained experts are necessary, or (2) need to be deposed. *See* Gregory P. Joseph, *The Temptation to Depose Every Expert*, 40 A.B.A. SEC. LITIG. 1 (2014); William Cirignani, *The Case for Not Taking Defense Expert Depositions*, 18 TRIAL JOURNAL 20 (Winter 2016)).

J) Dispositive motions are due by __February 13, 2020__ (no *later* than 30 days after the close of fact discovery).

K) The parties suggest the next status hearing with the Court be __October 22, 2019__ (must be on the Court's regular status call held Tuesdays and Thursdays).

L) **Counsel may not stipulate to extend discovery deadlines, including for depositions, beyond the dates already set in this case management order.**

2

M) **These dates will not be amended absent a showing of good cause.** The parties understand that with entry of this case management order, the deadlines set out in the order are governed by Fed. R. Civ. P. 16(b)(4), and requests for extensions require a showing of good cause under that Rule. Motions for extensions of time should be brought as soon as possible, but at a minimum *before the cut-off date*. Failure to do so does not demonstrate diligence, and runs the serious risk that the motion will be denied. *See McCann v. Cullinan*, 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. Jul. 14, 2015)

V. **Electronically Stored Information.** Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Fed. R. Civ. P. 26(b)(1) and (b)(2)(B), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information. The parties and the Court will discuss and consider any appropriate and reasonable technologies that might further the goals of Fed. R. Civ. P. 1. Counsel should review the helpful information found at www.ediscoverycouncil.com, including the 7th Circuit Council on eDiscovery and Digital Information Model Discovery Plan.

VI. **Claims of Privilege or of Protection.** The parties shall detail below any agreements reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including whether they seek entry of their agreement as an order under Fed. R. Evid. 502. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f).

Absent any specific agreement reached by the parties, the following provisions will apply:

1) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

2) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

*Signatures certify that this form was used as is and not retyped, the parties and counsel understand they cannot extend deadlines without a court order, any request to extend a deadline requires a showing of good cause under Fed. R. Civ. P. 16(b)(4), and failing to seek an extension before a deadline has passed does not establish good cause/diligence.*

PLAINTIFF(S)  KAREN E. KNACK-TOMS              DEFENDANT(S)  JTM Capital Management, LLC

By: Nathan C. Volheim                           By: Brendan H. Little

*Additional information may be included on separate sheets of paper attached to this order.*

Rev. 6/24/2019